**Paul HOAGLAND, Appellant,**

v.

**CITY OF LOUISVILLE, DEPARTMENT OF INSPECTIONS, PERMITS & LICENSES, William P. Schreck, Director, Appellees.**

**No. 93–CA–2136–MR.**

Court of Appeals of Kentucky.

March 31, 1995.

Roy Skaggs, III, Louisville, for appellant.

G. Denise Deberry–Brown, Louisville, for appellees.

Before COMBS, GARDNER and HOWERTON, JJ.

COMBS, Judge:

This is an appeal from an order entered by the Jefferson Circuit Court which dismissed Appellant's Petition for Review and Appeal of a decision of the City of Louisville Department of Inspections, Permits and Licenses (hereinafter, "the City") for lack of subject matter jurisdiction. The sole issue present-ed for this Court's review involves the interpretation of KRS 281.635(4), which governs the authority of cities with regard to the operation of taxicabs. After careful consideration, we conclude that the Circuit Court did have jurisdiction to entertain the appeal. Thus, we reverse and remand.

The facts are not complicated. Pursuant to KRS 281.635(5) and its own local ordinance, the City of Louisville issued Appellant Paul Hoagland a permit to operate a taxicab in the city. However, Hoagland was notified by letter dated September 28, 1992 that his permit was to be revoked based on the allegation that he had been "discourteous" to a passenger and another driver on July 26, 1992. Pursuant to local ordinance, Hoagland requested a hearing, which was held October 23, 1992, before Hearing Officer Winston E. King. Following the proceedings, Hearing Officer King recommended that Hoagland "be found guilty of the cited offense." On December 23, 1992, William Schreck, Director of the Department of Inspections, Permits and License, entered his order suspending Hoagland's permit for a period of ten days.[1]

Hoagland decided to appeal this decision, and on January 4, 1993, he filed his Petition for Review and Appeal with the Jefferson Circuit Court. On January 22, 1993, the City filed a motion to dismiss, contending that Hoagland was required to seek review before the Department of Vehicle Regulations rather than with the Circuit Court.[2] The City cited KRS 281.635(4). The Circuit Court entered its order dismissing Hoagland's Petition on April 20, 1993. Hoagland's motion to reconsider was denied on September 3, 1993, and this appeal followed.

Hoagland maintains that the Circuit Court erred in dismissing his appeal because the Circuit Court, not the Department of Vehicle Regulations, had jurisdiction to review the decision of the City. Hoagland contends that the Court erroneously relied on KRS

---

1. The suspension was set to run from January 1, 1993 until January 10, 1993.

2. Hoagland's counsel maintains that prior to the filing of the petition in Jefferson Circuit Court, he had a telephone conference with the Department of Vehicle Regulations. During that conference, counsel for the Department of Vehicle Regulations advised that his Department did not provide a review of decisions based on disciplinary actions taken against individual taxi drivers.

281.635(4) when, in fact, KRS 281.635(5) was the only provision applicable to the circumstances. Following our review of the statutory provisions, we agree.

KRS 281.635 provides in relevant part as follows:

Notwithstanding anything contained in this chapter:

\* \* \* \* \* \*

(4) The governing body of any city of the first five (5) classes in the Commonwealth in which taxicabs operate shall have supervisory and regulatory power over taxicabs certificated to operate in said city, and while operating in said city, and shall have authority to enforce all ordinances or regulations pertaining to the number and operation of taxicabs, provided that any interested party may appeal to the (Department of Vehicle Regulation) from any action, finding or order of any city within thirty (30) days after the entry of such action, finding or order, and a hearing shall be held before the (Department of Vehicle Regulations) in the same manner as other hearings are held as provided for in this chapter; provided, however, that any such action, finding or order of any such city shall be sustained if there is substantial evidence or reason to support it; otherwise the (Department of Vehicle Regulations) shall make such orders as it deems necessary and proper. However, where a carrier's entire operation is confined to intracity transportation within the corporate limits of a single city, there shall be no appeal to the (Department of Vehicle Regulations) from the actions, finding or orders of such a city.

(5) The governing body of any city of the first five (5) classes in the Commonwealth is hereby vested with the exclusive power to prescribe the qualifications with respect to the health, vision, sobriety, intelligence, ability, moral character and experience of the drivers of taxicabs certificated to operate in said city, and while operating in said city, and may issue permits for qualified drivers. However, any taxicab driver must also possess a Kentucky operator's license.

The city points out that subsection (4) grants it authority to enforce "*all* ordinances or regulations pertaining to the number and *operation* of taxicabs", and that this subsection requires the appeals of its decisions to be heard by the Department of Vehicle Regulations. We do not question the City's position on this issue on its face. Nevertheless, as applied, we cannot agree that the City's authority to suspend Hoagland's permit is governed by the provisions of subsection (4).

KRS 281.635(4) deals with the regulation and supervision of "certificated taxicabs." The certificate referred to is defined in KRS 281.014(1)(a) as "a certificate granting authority only for the operation of a given number of motor vehicles transporting passengers for hire . . . ." Hoagland does not possess such a certificate, nor does he own a certificated taxicab. He has a "permit" which merely allows him to drive taxicabs, not to operate an enterprise of taxicabs. The provisions of KRS 281.635(5), grant the City the "*exclusive power* to prescribe the qualifications . . ." of the drivers of taxicabs and to issue *permits* to those drivers found to be suitable. Subsection (5) makes no reference to the Department of Vehicle Regulations, or to any right of appeal to that Department for any action or decision taken by the City with respect to the issuance or suspension of drivers' permits.

In light of the specific provisions of KRS 281.635(5), we cannot accept the City's position that Hoagland's appeal should have been directed to the Department of Vehicle Regulations. Therefore, the judgment of the Jefferson Circuit Court is reversed and the matter remanded for further proceedings as that is the only forum in which Hoagland may satisfy his entitlement to a due process appeal.

All concur.